UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID KUEHEN, | ) |
| Plaintiff | ) 05 1054 RGS |
| v. | ) CIVIL ACTION NO: |
| DR. AMELIA HAYGOOD, CAROL ROSENBERGER, AND DELOS INTERNATIONAL, INC. | ) MAGISTRATE JUDGE MBB |
| Defendants. | ) |

RECEIPT # 62987
AMOUNT $ 250
SUMMONS ISSUED YES
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. TM
DATE 3/24/05

## COMPLAINT AND JURY DEMAND

### I. INTRODUCTION

1. Plaintiffs seek damages arising out of Defendant's breach of conduct and unfair trade practices.

### II. PARTIES

2. Plaintiff David Kuehn is an individual residing in Yarmouthport, Massachusetts.

3. Defendant Dr. Amelia Haygood is an individual residing in Santa Monica, California. Upon information and belief, Defendant Haygood is an officer and director of Defendant Delos International, Inc.

4. Defendant Carol Rosenberger is an individual residing in Santa Monica, California. Upon information and belief, Defendant Rosenberger is an officer and director of Defendant Delos International, Inc.

5. Defendant Delos International, Inc. ("Delos") is a California corporation with a principal place of business at 1645 North Vine Street, Suite 340, Hollywood, California. Defendant Delos is engaged in the business of recording and selling classical music. Defendant Rosenberger is one of the artists whose work is marketed by Defendant Delos. The online records of the Secretary of State for the State of California identify Defendant Haygood as the agent for serve of process for Defendant Delos. Defendant Delos operates a web-site at www.delosmus.com. Defendant Delos does not identify itself as a corporation on its web-site. Upon information and belief, Defendant Delos conducts business in the Commonwealth of Massachusetts

### III. JURISDICTION AND VENUE

6. The citizenship of the parties to this action is as follows:

   (a) Plaintiff Kuehn is a citizen of the Commonwealth of Massachusetts;

   (b) Upon information and belief, Defendant Haygood is a citizen of California;

   (c) Upon information and belief, Defendant Rosenberger is a citizen of California;

   (d) Defendant Delos is a citizen of California, the state of its incorporation and the state where it has its principal place of business.

7. As is set forth more fully below, Plaintiff Kuehn's damages are $97,966.15 exclusive of interests and costs.

8. This Court has subject matter jurisdiction pursuant 28 U.S.C. §1332 because Plaintiff Kuehn and the Defendants are citizens of different states (*i.e.* Massachusetts and California) and the dollar amount in controversy exceeds $75,000.00 exclusive of costs and interest.

9. This Court has personal jurisdiction over the parties because Kuehn is a citizen of the Commonwealth of Massachusetts and the Defendants have regularly transacted business in the Commonwealth of Massachusetts.

10. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because a substantial portion of the events underlying this case occurred in this judicial district.

## IV. FACTUAL ALLEGATIONS

11. In December of 2000, Defendant Haygood and Defendant Rosenberger approached Plaintiff Kuehn in Massachusetts via telephone and electronic communications to request that Plaintiff Kuehn provide consulting services to Defendant Delos and an organization identified as the Cultural Exchange Foundation. The Cultural Exchange Foundation has been described by the Defendant Rosenberger as a "DBA" without identifying the entity for which the Cultural Exchange Foundation is purportedly doing business. The online records of the Secretary of State for the State of California contain no information showing that the Cultural Exchange Foundation was ever incorporated in California.

12. On or about December 26, 2000, Plaintiff Kuehn accepted the proposal of Defendant Haygood and Defendant Rosenberger and memorialized that acceptance in an electronic communication sent Defendant Haygood and Defendant Rosenberger. The agreement among the parties contemplated a payment of $1,500.00 per month to Plaintiff Kuehn for services rendered on behalf of Defendant Delos and $1,500.00 per month on behalf of the Cultural Exchange Foundation. In March of 2001, the parties agreed to increase the compensation to Plaintiff Kuehn to $3,000.00 per month each for Defendant Delos and for the Cultural Exchange Foundation, which agreement was documented in an exchange of electronic communications between Plaintiff Kuehn and Defendant Haygood and Defendant Rosenberger.

3

13. Plaintiff Kuehn provided the requested services from December, 2000 through October, 2002. These services included, but were not limited to, development and implementation of marketing strategies, production of recordings, representation of Defendant Delos at trade shows, and promotion of recording artists and cultural events. Most of the services were provided from Plaintiff Kuehn's residence in Massachusetts. During this period there were by numerous telephone and electronic communications from Defendant Haygood and Defendant Rosenberger in Californian to Plaintiff Kuehn in Massachusetts regarding services rendered.

14. The electronic communications between Plaintiff Kuehn and Defendant Haygood and Defendant Rosenberger were sent and received by personal e-mailed addresses of Defendant Haygood and Defendant Rosenberger rather than e-mail addresses of Defendant Delos International or of the Cultural Exchange Foundation.

15. Plaintiff Kuehn submitted invoices to Defendant Haygood and Defendant Rosenberger for services rendered and expenses incurred on behalf of Defendant Delos and the Cultural Exchange Foundation.

16. On several occasions, invoices submitted by Plaintiff Kuehn were paid by checks from Defendant Delos. On other occasions, invoices were paid by a personal check from Defendant Haygood or Defendant Rosenberger.

17. In 2001, the Defendants stopped paying invoices submitted by Plaintiff Kuehn. Defendant Haygood and Defendant Rosenberger informed Plaintiff Kuehn that they were short of funds. Notwithstanding their inability to pay Plaintiff Kuehn in a timely fashion, Defendant Haygood and Defendant Rosenberger requested that Plaintiff Kuehn continue to provide services and promised to eventually pay Mr. Kuehn for services rendered and to reimburse Plaintiff

Kuehn for expenses incurred on their behalf. At no time, did any Defendant question the quality of Plaintiff's Kuehn's work or the validity of any invoice submitted by Plaintiff Kuehn.

18. Relying upon representations of Defendant Haygood and Defendant Rosenberger, Plaintiff Kuehn continued to provide the services requested until October of 2002 at which point Plaintiff Kuehn terminated the contract due to the refusal and of the Defendants to pay the sums owed to him.

19. At the time that Plaintiff Kuehn terminated the contract, the Defendants owed him $97,966.15.

20. Plaintiff Kuehn has repeatedly requested that the Defendants pay the amount owed. The Defendants have failed and refused to may the requested payments.

21. According to its web-site, Defendant Delos continues business operation .

## IV. CAUSES OF ACTION

### COUNT I
### BREACH OF CONTRACT

22. Plaintiff Kuehn repeats and realleges the allegations contained in paragraphs 1 through 21 of his Complaint as if set forth verbatim.

23. Plaintiff Kuehn and Defendant Haygood and Defendant Rosenberger individually entered into a contract under which Plaintiff Kuehn would provide services to Defendant Delos and the Cultural Exchange Foundation.

24. Plaintiff Kuehn performed his obligations to Defendants Haygood and Rosenberger under the contract among the parties by providing services to Defendant Delos and the Cultural Exchange Foundation in accordance with the terms of that contract.

25. As an additional basis for the individual liability of Defendant Haywood and Defendant Rosenberger, the corporate status of Defendant Delos should be disregarded since, at all times relevant to the Complaint:

   (a) Defendant Delos and the Cultural Exchange Foundation were under the ownership and control of Defendant Haygood and Defendant Rosenberger;

   (b) there was a confused intermingling of the activities of Defendant Delos, Defendant Haygood, Defendant Rosenberger, and the Cultural Exchange Foundation in furtherance of a common enterprise with substantial disregard of the separate nature of the corporate entities and a serious ambiguity about the manner and capacity in which the various entities and individuals are acting;

   (c) Defendant Delos and the Cultural Exchange Foundation were undercapitalized and insolvent; and

   (d) Defendant Haygood, Defendant Rosenberger, and Defendant Delos failed to observe corporate formalities.

26. Defendant Haygood and Defendant Rosenberger breached their contract with Plaintiff Kuehn by all of the above described conduct including, but not limited to, their failure to pay Plaintiff Kuehn for services rendered and expenses incurred on their behalf.

27. As a direct and proximate result of the breach by Defendant Haygood and Defendant Rosenberger of their contract with Plaintiff Kuehn, Plaintiff Kuehn has sustained and continues to sustain damages, and has also incurred costs and attorney's fees.

## COUNT II
## BREACH OF COVENANT OF GOOD FAITH

28.  Plaintiff Kuehn repeats and realleges the allegations contained in paragraphs 1 through 27 of his Complaint as if set forth verbatim.

29.  The agreement between Plaintiff Kuehn and Defendant Haygood and Defendant Rosenberger contains an implied covenant of good faith and fair dealing implied in every contract.

30.  Defendant Haygood and Defendant Rosenberger have breached the implied covenant of good faith and fair dealing in their contract with Plaintiff Kuehn by all of the above described conduct including, but not limited to, their failure to tender Plaintiff Kuehn all amounts due under the contract between the parties.

31.  As a direct and proximate result of the breaches of the implied covenant of good faith and fair dealing by Defendant Haygood and Defendant Rosenberger, Plaintiff Kuehn has sustained and continues to sustain damages, and has also incurred costs and attorney's fees.

## COUNT III
## UNFAIR TRADE PRACTICES

32.  Plaintiff Kuehn repeats and realleges the allegations contained in paragraphs 1 through 31 of his Complaint as if set forth verbatim.

33.  Plaintiff Kuehn is engaged in trade or commerce within the Commonwealth of Massachusetts.

34.  Defendant Haygood and Defendant Rosenberger are engaged in trade or commerce within the Commonwealth of Massachusetts.

35. By requesting Plaintiff Kuehn to continue to provide services the Defendants and to the Cultural Exchange Foundation when, in fact, Defendant Haygood and Defendant Rosenberger were either unwilling or unable to compensate Plaintiff Kuehn for services rendered and expenses incurred in providing those services, Defendant Haygood and Defendant Rosenberger engaged deceptive acts and practices in violation of Massachusetts General Laws, Chapter 93A.

36. The conduct of Defendant Haygood and of the Defendant Rosenberger occurred primarily and substantially within the Commonwealth of Massachusetts.

37. The conduct of the Defendant Haygood and Rosenberger caused Plaintiff Kuehn to suffer injury in the Commonwealth.

38. On information and belief, the violation of Massachusetts General Laws, Chapter 93A by Defendant Haygood and Defendant Rosenberger was knowing and willful.

39. As a direct and proximate result of the knowing violation of Massachusetts General Laws, Chapter 93A by Defendant Haygood and Defendant Rosenberger, Plaintiff Kuehn has sustained and continues to sustain damages, and has also incurred costs and attorney's fees.

## COUNT IV
## QUANTUM MERUIT

40. Plaintiff Kuehn repeats and realleges the allegations contained in paragraphs 1 through 39 of his Complaint as if set forth verbatim.

41. Plaintiff Kuehn has delivered valuable services to Defendant Haygood, Defendant Rosenberger, and Defendant Delos.

42. Defendant Haygood, Defendant Rosenberger, and Defendant Delos have failed and refused to tender to the fair value of the services that Plaintiff Kuehn has provided.

43. Plaintiff Kuehn is entitled to reasonable compensation for the value of the services that Plaintiff has provided to Defendant Haygood, Defendant Rosenberger, and Defendant Delos.

44. As a direct and proximate result of these acts, Plaintiff Kuehn has sustained and continues to sustain damages, and has also incurred costs and attorney's fees.

**WHEREFORE**, the Plaintiff Kuehn, requests that this Honorable Court:

1. Enter judgment against the Defendant Haygood and Defendant Rosenberger on Counts I, II, and III;

2. Enter judgment against all Defendants on Count IV of the Complaint;

3. Award damages to Plaintiff Kuehn in an amount to be determined by the Court;

4. Treble such amount as provided by Massachusetts General Laws, Chapter 93A;

5. Award interest, costs, and attorneys fees to Plaintiff Kuehn; and

6. Award such other relief as this court deems just and proper.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS SO TRIABLE.**

Respectfully Submitted,
DAVID KUEHN, Plaintiff
By his attorney,

*Eugene R. Curry*
Eugene R. Curry (BBO #549239)
3010 Main Street
Barnstable, Massachusetts 02630
Tele.: (508) 375-0070
Fax: (508) 375-0075

DATED: March 23, 2005

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __David Kuehn v. Dr. Amelia Haygood__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   [✓] I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   [ ] II.  195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
            740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases

   [✓] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.

   [ ] IV.  220, 422, 423, 430, 460, 480, 490, 610, 620, 630, 640, 650, 660,
            690, 810, 861-865, 870, 871, 875, 900.

   [ ] V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
   N/A

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]   NO [✓]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]   NO [✓]
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]   NO [✓]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]   NO [✓]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [✓]   NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [✓]   Central Division [ ]   Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [ ]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]   NO [✓]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Eugene R. Curry
ADDRESS  3010 Main Street, Barnstable, MA 02630
TELEPHONE NO.  (508) 375-0070

(CategoryForm.wpd - 2/15/05)

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
David Kuehen

**DEFENDANTS**
Dr. Amelia Haygood, Carol Rosenberger, and Delos International, Inc.

(b) County of Residence of First Listed Plaintiff: Barnstable, MA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Los Angeles, CA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Eugene R. Curry, 3010 Main Street, Barnstable, MA 02630
(508) 375-0070 e-mail: ercurry@eugenecurry.com

Attorneys (If Known)
Robert Spies, Suite 400, 12400 Wilshire Boulevard, Los Angeles, CA 90025 (310) 826-4325 email: repies@atty.to

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | ☐ 365 Personal Injury – Product Liability | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☒ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): 28 USC 1332
Brief description of cause: Defendants have failed to pay plaintiff for services rendered and expenses incurred pursuant to contract.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 97,966.15
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 23 March 2005
SIGNATURE OF ATTORNEY OF RECORD: Eugene R. Curry

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SCANNED
DATE: 3/25/05
M.P.

FILED IN CLERK'S OFFICE
2005 MAR 24 P 12:28
U.S. DISTRICT COURT
DISTRICT OF MASS.

1. Title of case (name of first party on each side only) __David Kuehn v. Dr. Amelia Haygood__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [✓] I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
   - [ ] II.  195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730, *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.        for patent, trademark or copyright cases
   - [✓] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.
   - [ ] IV.  220, 422, 423, 430, 460, 480, 490, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
   N/A

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]  NO [✓]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?  (See 28 USC §2403)
   YES [ ]  NO [✓]
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]  NO [✓]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]  NO [✓]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [✓]  NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [✓]    Central Division [ ]    Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [ ]    Central Division [ ]    Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]  NO [✓]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Eugene R. Curry__
ADDRESS __3010 Main Street, Barnstable, MA 02630__
TELEPHONE NO. __(508) 375-0070__

(CategoryForm.wpd - 2/15/05)