UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| DAVID KUEHEN, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO: 05-10574(RGS) |
| | ) | |
| DR. AMELIA HAYGOOD, | ) | |
| CAROL ROSENBERGER, | ) | |
| AND DELOS INTERNATIONAL, INC. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## AFFIDAVIT OF DAVID KUEHN

I, David Kuehn, do on my oath depose and state:

1. My name is David Kuehn.

2. I reside in Yarmouthport, Massachusetts.

3. I did meet with Dr. Amelia Haygood and Carol Rosenberger in New York in July of 2000, described in Ms. Rosenberger's affidavit. At that meeting, we discussed my plans to establish a consulting business from my home in Massachusetts. Dr. Haygood and Ms. Rosenberger were interested in having me perform services for them and for Delos International, Inc. ("Delos"). However, I told them that I was not interested at that time as I wished to take some time off.

4.   Six months later, in December of 2000, Ms. Rosenberger and Dr. Haygood called me by telephone at my home in Massachusetts to see if I was available to work with them and with Delos.

5.   I agreed to perform services and sent an e-mail to Dr. Haygood and Ms. Rosenberger that described our agreement including my compensation. In the e-mail, I stated that "I would propose we start at $1500.00 per month based on one full day per week." Dr. Haygood and Ms. Rosenberger agreed to my terms.

6.   In February of 2001, Dr. Haygood and Ms. Rosenberger requested that I provide additional services. I agreed to their request. On  March 1, 2001, I sent Ms. Rosenberger an e-mail confirming  our agreement and my understanding that the Defendants would budget $3,000.00 per month for my services and that an outstanding balance on my retainer would be paid. On March 2, 2001, Ms. Rosenberger sent me an e-mail that stated  "Yes, the retainer is understood as you spelled it out".

7.   Although I was aware that the Defendants had financial difficulties and would not always be able to pay me in a timely fashion, Dr. Haygood and Ms. Rosenberger repeatedly promised to pay my compensation and expenses and initially did pay my compensation or expenses.

8.   Although I traveled frequently [and incurred expenses] on behalf of the Defendants, the majority of my services were provided from my home in Massachusetts.

9.   From December 2000 to October 2002, I received frequent telephone, e-mail, and other  communications from Dr. Haygood, Ms. Rosenberger, and Delos employees at my home in Massachusetts.

10.     During this time, Delos paid for my long distance telephone service. The provider chosen by Delos was 1Com, Inc., which had an address of 310 South Street, in Plainville, Massachusetts.

11.     My services for Delos included arranging for Delos to advertise in magazines such as Opera News, Gramophone, and Fanfare Magazine that have circulation in Boston.

12.      I also promoted Delos recordings and artists to classical music radio stations, including stations in Massachusetts such as WGBH and WCRB. At my request, Delos sent copies of its recordings to these stations.

13.      I also sent press releases regarding Delos recordings and artists to newspapers, including the Boston Globe in Massachusetts. On February 15, 2001, after I sent a press release to the Boston Globe promoting a Delos recording by Contralto Ewa Podles and arranged to have a promotional copy of the recording sent to the Boston Globe,. I spoke with the chief music critic of  the Boston Globe which resulted in a published a review of the recording.

13.     Delos maintains a web-site, which is accessible from Massachusetts and from which Massachusetts residents can purchase Delos recordings.

14.     The Defendants were often late in paying the agreed upon compensation and reimbursing me for expenses incurred on their behalf. The last payment that I received from them was in November of 2001. Notwithstanding their difficulty in paying me, the Defendants continued to request that I provide services to them and repeatedly assured me, both orally and in writing, that compensation would be forthcoming. Most of these communications took place while I was in my home in Massachusetts.

FURTHER YOUR AFFIANT SAYETH NOT

Signed under pains and penalties of perjury this 31st day of May, 2005.


/s/David Kuehn_____
David Kuehn