UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID KUEHN,<br><br>                    Plaintiff,<br><br>          v.<br><br>DR. AMELIA HAYGOOD, CAROL ROSENBERGER, AND DELOS INTERNATIONAL, INC.,<br><br>                    Defendants. | CIVIL ACTION No. 05-10574 (RGS) |

### DEFENDANTS AMELIA HAYGOOD, CAROL ROSENBERGER, AND DELOS INTERNATIONAL, INC.'S ANSWER

In response to Plaintiff David Kuehn's Complaint and Jury Demand ("Complaint"), Defendants Amelia Haygood, Carol Rosenberger, and Delos International, Inc. (collectively "Defendants") state the following:

### FIRST DEFENSE

In response to the particular allegations in the Complaint, Defendants:

1. Deny that they breached any contract with Plaintiff; deny that they engaged in any unfair trade practices; and are not required to respond to each and every other allegation in paragraph 1.

2. Are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2.

3. Admit the allegations in paragraph 3.

4. Admit the allegations in paragraph 4.

5. Admit that Delos is a California corporation engaged in the business of recording and selling classical music; admit that Dr. Haygood is identified as the agent for

service of process for Delos in the online records of the Secretary of State for the State of California; admit that Delos operates a web site at www.delosmus.com; admit that Ms. Rosenberger is one of the artists whose work is marketed by Delos; and deny each and every other allegation in paragraph 5. Further answering, Delos states that its principal place of business is at 6834 Hollywood Boulevard, Hollywood, CA 90028.

6. Are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 6(a); and admit each and every other allegation in paragraph 6.

7. Deny the allegations in paragraph 7.

8. Are not required to respond because the allegations in paragraph 8 state a legal conclusion.

9. Are not required to respond because the allegations in paragraph 9 state a legal conclusion.

10. Are not required to respond because the allegations in paragraph 10 state a legal conclusion.

11. Admit that Dr. Haygood and Ms. Rosenberger sent emails to Plaintiff in December 2000; admit that Dr. Haygood and Ms. Rosenberger spoke to Plaintiff via telephone in December 2000; admit that the parties discussed Plaintiff performing services for Delos and the Cultural Exchange Foundation by telephone and email in December 2000; are without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegation that the online records of the Secretary of State for the State of California contain no information

showing that the Cultural Exchange Foundation was ever incorporated in California; and deny each and every other allegation in paragraph 11.

12. Are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 that the parties' agreement contemplated a payment to Plaintiff of $1,500 per month for services rendered on behalf of Delos and $1,500 per month on behalf of the Cultural Exchange Foundation, and that the parties agreed to increase Plaintiff's compensation to $3,000 per month each for Delos and for the Cultural Exchange Foundation, because of ambiguity surrounding the word "contemplate"; and deny each and every other allegation in paragraph 12.

13. Admit that from December 2000 to October 2002 there were numerous communications by telephone and email between Dr. Haygood, Ms. Rosenberger, and Plaintiff regarding services rendered; admit that plaintiff provided services such as development and implementation of marketing strategies, production of recordings, representation of Delos at trade shows, and promotion of recording artists and cultural events; and are without knowledge or information sufficient to form a belief as to the truth of each and every other allegation in paragraph 13.

14. Admit that electronic communications by Dr. Haygood and Ms. Rosenberger to Plaintiff were sent from Dr. Haygood's and Ms. Rosenberger's personal email addresses; deny that anyone at Delos or the Cultural Exchange Foundation sends emails other than from personal email addresses; and are without knowledge or information sufficient to form a belief as to the truth of each and every other allegation in paragraph 14.

15. Admit the allegations in paragraph 15.

16. Admit that invoices were sometimes paid by a personal check from Dr. Haygood or Ms. Rosenberger; and deny each and every other allegation in paragraph 16.

17. Admit that in 2001 the Defendants stopped paying invoices submitted by Plaintiff; admit that Dr. Haygood and Ms. Rosenberger informed Plaintiff that they were short of funds; and deny each and every other allegation in paragraph 17.

18. Are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18.

19. Deny the allegations in paragraph 19.

20. Deny the allegations in paragraph 20.

21. Admit the allegations in paragraph 21.

## COUNT I

22. Repeat and incorporate herein their answers to paragraphs 1 through 21 of the Complaint.

23. Are not required to respond because the allegations in paragraph 23 state a legal conclusion. To the extent that a response is required, Defendants deny the allegations in paragraph 23.

24. Deny the allegations in paragraph 24.

25. Deny the allegations in paragraph 25.

26. Deny the allegations in paragraph 26.

27. Deny the allegations in paragraph 27.

## COUNT II

28. Repeat and incorporate herein their answers to paragraphs 1 through 27 of the Complaint.

29. Are not required to respond because the allegations in paragraph 29 state a legal conclusion.

30. Deny the allegations in paragraph 30.

31. Deny the allegations in paragraph 31.

## COUNT III

32. Repeat and incorporate herein their answers to paragraphs 1 through 31 of the Complaint.

33. Are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33.

34. Deny the allegations in paragraph 34.

35. Deny the allegations in paragraph 35.

36. Deny the allegations in paragraph 36.

37. Deny the allegations in paragraph 37.

38. Deny the allegations in paragraph 38.

39. Deny the allegations in paragraph 39.

## COUNT IV

40. Repeat and incorporate herein their answers to paragraphs 1 through 39 of the Complaint.

41. Deny the allegations in paragraph 41.

42. Deny the allegations in paragraph 42.

43. Deny the allegations in paragraph 43.

44.     Deny the allegations in paragraph 44.

## SECOND DEFENSE

This Court lacks personal jurisdiction over the Defendants.

## THIRD DEFENSE

This Court is an improper venue.

## FOURTH DEFENSE

Plaintiff's claim for breach of contract is barred by his failure to timely file a civil action pursuant to Cal. Civ. Proc. Code § 339(1).

## FIFTH DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

## SIXTH DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

## SEVENTH DEFENSE

Plaintiff's claims are barred by waiver.

## EIGHT DEFENSE

Plaintiff is estopped from asserting his claims.

## NINTH DEFENSE

Plaintiff's claim for breach of contract fails to state a claim upon which relief can be granted.

## TENTH DEFENSE

Plaintiff has failed to fulfill his obligation to mitigate damages.

### ELEVENTH DEFENSE

There was no enforceable contract between Plaintiff and Delos because a condition precedent to the contract, that Plaintiff generate sufficient revenue to enable Delos to pay him or that Delos receive an anticipated cash infusion, was not satisfied.

### TWELFTH DEFENSE

Plaintiff's claim for breach of the covenant of good faith and fair dealing fails to state a claim upon which relief can be granted.

### THIRTEENTH DEFENSE

Plaintiff's claim under M.G.L. c. 93A fails to state a claim upon which relief can be granted.

### FOURTEENTH DEFENSE

Plaintiff's claim for quantum meruit fails to state a claim upon which relief can be granted.

Respectfully submitted,

**AMELIA STONE HAYGOOD**

**CAROL ROSENBERGER**

**DELOS INTERNATIONAL, INC.**

By their attorneys,

/s/ John E. Duke
Jonathan A. Keselenko
BBO #559604
John E. Duke
BBO #658755
FOLEY HOAG LLP
155 Seaport Blvd.
Boston, MA 02210-2600
(617) 832-1000

Dated: August 8, 2005